IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIJAH RAY RICH, ,

    Plaintiff,

v.

SERGEANT E. RODRIGUEZ,
SERGEANT L. KAISER,
C/O V. MURCHINSON.
C/O K. BROWN, C/O M. ENOS,

    Defendants.

Case No. CIV 08-951RJB

ORDER DECLINING TO
SERVE COMPLAINT
AND GRANTING LEAVE
TO FILE AMENDED
COMPLAINT

    This matter comes before the court on review of the file. The court has considered the relevant documents and the remainder of the file herein.

    On May 5, 2008, plaintiff, who is proceeding *in forma pauperis*, filed a civil rights action, alleging that defendants subjected him to excessive force. The complaint alleges that, on October 28, 2007, defendant officers searched his cell while he was in a holding cage in cuffs, and that he refused to return to his cell when directed to do so by correctional officers. Dkt.   The complaint alleges as follows:

> I got on my knees still in cuffs. (By the way I'm here in an ASU (Ad-seg unit.) Sergeant E. Rodriguez opened the cage and began to drag me. Then with the help of his other c/o's they began to lift, pull and drag me to my cell with force. When a detainer is unlawful you have the right to resist and so I did with my eyes closed shut from the pain I was enduring by my arms still cuffed behind my back being yanked & pulled on. My head and neck hit the ground. My right shoulder obtained an abrasion from my body being and getting slammed into the ground. My head sustained no outside injuries only mentally. The physical is now migraines around the clock.
>
> As we got to my cell they threw me into my cell like a dead dog, took an extremely long chain, ran it through the back of my cuffs and through the tray slot (cuffs digging into my wrist while the door

ORDER
Page - 1

| | |
|---|---|
| 1 | was closing) yanked me back into my cell door which my head (the back of my head) slammed against along with my neck, they forcefully pulled my arms through the tray slot (cuffs digging into my wrist)[,] released me from the cuffs as I fell to the floor shaking from having a seizure and no one check on my well being.  No 7219 (injury report) was written until two days later which was suppose to be written by an LVN Storey.  I begged an R.N. Stormes for a 7219 to be done on October 30th 2007.  Lacerations remained on my wrist.  No CAT scans, no x-rays and no MRI's have been done on my wrist or body till this day.   I sit in pain. |

Dkt. 1, at 5.  Plaintiff attached to the complaint a Medical Report of Injury or Unusual Occurrence, completed by M. Stormes, R.N.,dated October 30, 2007.  The report noted "Abrasion/Scratch" to the right shoulder area, and noted that there were no indentations on the wrists.  Dkt. 1.

The court has carefully reviewed the file.  The court will not serve the complaint at this time because the complaint is deficient.

1. Plaintiff alleges that defendants used excessive force in returning him to his cell.

When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). The use of force does not amount to a constitutional violation if it is applied in a good faith effort to restore discipline and order and not "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986). This standard necessarily involves a more culpable mental state than that required for excessive force claims arising under the Fourth Amendment's unreasonable seizures restriction. *Graham,* 490 U.S. at 398.

In his complaint, plaintiff apparently believes he had the right to refuse to comply with orders by correctional officers to return to his cell.  The facts alleged do not show that plaintiff had a basis to refuse to comply with this order.  Further, the facts alleged are not sufficient to show that the officers' actions were anything other than to restore discipline and order.  Plaintiff has not stated a claim for excessive force under the Eighth Amendment.

2. Plaintiff alleges that, as a result of defendants' actions, he was injured physically and mentally; that nerves in his wrist and shoulder were destroyed; and that he has nightmares.

Under 42 U.S.C. § 1997(e), no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997(e) requires a prior showing of physical injury that need not be significant but must be more than *de minimis*. *Olliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002). The physical injury requirement applies only to claims

for mental or emotional injuries and does not bar claims for compensatory, nominal or punitive damages. *Id.* at 630.

Although he alleges that the nerves in his wrist and shoulder were destroyed, the Medical Report of Injury of Unusual Occurrence attached to the complaint does not support that claim. Plaintiff has not alleged facts sufficient to show that the physical injuries he sustained are more than *de minimis*. Accordingly, his claims for mental and/or emotional injuries are barred by 42 U.S.C. § 1997(e).

3. Before the court dismisses a *pro se* civil rights complaint filed by a prisoner, the court must afford the plaintiff an opportunity to file an amended complaint unless amendment would be futile or where the amended complaint would be subject to dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Reddy v. Litton Indus.*, Inc., 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989).

Plaintiff should be afforded the opportunity to file an amended complaint, curing the deficiencies identified herein. If plaintiff does not file a timely amended complaint, or if the amended complaint otherwise fails to state a claim, the court may dismiss this case without prejudice.

Therefore, it is hereby

**ORDERED** that the court declines to serve plaintiff's complaint because the complaint does not state a claim within the jurisdiction of the federal court. Accordingly, not later than February 27, 2009, plaintiff may file an amended complaint, curing the deficiencies identified herein. If plaintiff does not file a timely amended complaint, or if the amended complaint fails to state a claim, the court may dismiss this case without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 29th day of January, 2009.

ROBERT J. BRYAN
United States District Judge